(66 App. Div. 505.)

RHINELANDER v. HAAN et al.

(Supreme Court, Appellate Division, First Department.  December 6, 1901.)

1. PLEADING—ACCOUNT—BILL OF PARTICULARS—MOTION.

Where a complaint alleges an account stated, which is denied in the answer, and in response to defendant's demand for a verified copy of the account an unverified copy is furnished, a motion for an order for a bill of particulars should be granted.

2. SAME—STATEMENT OF EVIDENCE.

Where, in an action to recover on an account, a bill of particulars is ordered on defendant's motion, it is error to also require plaintiff to state the evidence by which he will prove his cause of action.

Appeal from special term, New York county.

Action by Thomas N. Rhinelander, as trustee of the estate of John V. Schaefer Company, bankrupt, against Rudolph M. Haan, impleaded, etc.  From an order directing plaintiff to serve a bill of particulars, he appeals.  Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Francis C. Huntington, for appellant.

Wales F. Severance, for respondents.

INGRAHAM, J.  The action was brought by the plaintiff, as trustee in bankruptcy, under a certain contract for cabinetwork in a restaurant in the city of New York,—for certain extra work done under said contract.  There are allegations in the complaint as to a statement of accounts, whereby it is alleged that there was an account stated between the bankrupt and the defendant, showing an amount due the bankrupt, and also allegations to justify a recovery for the value of the work done and materials furnished.  The plaintiff filed a mechanic's lien for the amount due, and the complaint asked for a foreclosure of the lien, and that the interests of the defendants in the property be sold, and the amount due be paid to the plaintiff as such trustee.  The answer denies the statement of the accounts, denies that the amount claimed was due to the plaintiff, and sets up a counterclaim for which the answer demands judgment.  The defendants served a notice upon the plaintiff, demanding a verified copy of the account referred to in the complaint.  A copy of the account was furnished, and subsequently the defendants moved for a bill of particulars, which was ordered, and from an order entered granting that motion this appeal is taken.

We think that the defendants were entitled to a bill of particulars of the plaintiff's demand, setting forth the items of the demand.  The copy of the account that was furnished was not verified as a bill of particulars, and does not purport to be a bill of particulars of the demand upon which the plaintiff's cause of action for the reasonable value of the work done and materials furnished was based.  The order that was granted, however, was much too broad, requiring not only the particulars, but a statement of the evidence by which the plaintiff would prove his cause of action.  What the defendant was entitled to was a specific statement of the various

items of the work done for which the plaintiff sought to recover,
and this he was entitled to have stated in a bill of particulars, so
that the claim of the plaintiff should be restricted to the items speci-
fied. The account that appears in the record verified, and served
as a bill of particulars, would seem to be sufficient, except as to the
items for extra work in kitchen up to November 29, 1899, and the
items for extra work to December 18, 1899. As to said items the
particulars should be furnished.

The order should be modified so as to require the plaintiff to
serve a bill of particulars specifying the work done and materials
furnished by the John V. Schaefer Company for the defendants, and
the reasonable value thereof as above specified, and as so modified
affirmed, without costs. All concur.